IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:12-CR-237-D
No. 5:16-CV-523-D

| | |
|---|---|
| LESLIE AARON MCKEITHAN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

On October 29, 2012, Leslie Aaron McKeithan ("McKeithan" or "defendant") pleaded guilty to being a felon in possession of a firearm. See [D.E. 22, 23, 43]. On March 6, 2013, the court sentenced McKeithan to 120 months' imprisonment and three years of supervised release. See [D.E. 32, 33, 40]. McKeithan appealed. On March 21, 2014, the United States Court of Appeals for the Fourth Circuit affirmed his sentence. See United States v. McKeithan, 561 F. App'x 268 (4th Cir. 2014) (per curiam) (unpublished).

On June 19, 2020, pursuant to 28 U.S.C. § 2255, McKeithan moved to vacate his conviction and 120-month sentence. See [D.E. 70]. In his section 2255 motion, McKeithan seeks relief based on Rehaif v. United States, 139 S. Ct. 2191 (2019). See [D.E. 70] 4. On February 1, 2021, the Bureau of Prisons released McKeithan, but he remains on supervised release. See [D.E. 80, 95]. Thus, the motion is not moot. See, e.g., United States v. Hassler, 992 F.3d 243, 246 n.2 (4th Cir. 2021).

McKeithan's claim is untimely. See 28 U.S.C. § 2255(f). McKeithan's conviction became final in 2014. See Clay v. United States, 537 U.S. 522, 527 (2003). McKeithan, however, waited

six years to file his section 2255 motion. Moreover, McKeithan has not plausibly alleged that any governmental action prevented him from timely filing a section 2255 motion, that his section 2255 motion is based on a right newly recognized by the Supreme Court,[1] or that his section 2255 motion is based on facts that he could not have discovered with due diligence.

Alternatively, McKeithan procedurally defaulted his claim by failing to raise it on direct appeal. Thus, the general rule of procedural default bars McKeithan from presenting his claim under section 2255. See, e.g., Massaro v. United States, 538 U.S. 500, 504 (2003); Bousley v. United States, 523 U.S. 614, 621 (1998); United States v. Fugit, 703 F.3d 248, 253 (4th Cir. 2012); United States v. Sanders, 247 F.3d 139, 144 (4th Cir. 2001). Furthermore, McKeithan has not plausibly alleged "actual innocence" or "cause and prejudice" resulting from the alleged error about which he now complains. See Bousley, 523 U.S. at 622–24; Coleman v. Thompson, 501 U.S. 722, 753 (1991); United States v. Frady, 456 U.S. 152, 170 (1982); United States v. Pettiford, 612 F.3d 270, 280–85 (4th Cir. 2010); Sanders, 247 F.3d at 144; United States v. Mikalajunas, 186 F.3d 490, 492–95 (4th Cir. 1999). Thus, the claim fails.

Alternatively, the court dismisses the claim for failure to state a claim upon which relief can be granted. McKeithan knew he was a felon when he possessed the firearm. See Greer v. United States, 141 S. Ct. 2090, 2096–2100 (2021); Edwards v. Vannoy, 141 S. Ct. 1547, 1554–62 (2021); cf. Presentence Investigation Report [D.E. 25] ¶¶ 16–17.

---

[1] See Tate v. United States, 982 F.3d 1226, 1227–28 (9th Cir. 2020) (per curiam); Mata v. United States, 969 F.3d 91, 93–94 (2d Cir. 2020) (per curiam); In re Price, 964 F.3d 1045, 1049 (11th Cir. 2020); In re Sampson, 954 F.3d 159, 160–62 (3d Cir. 2020) (per curiam); In re Wright, 942 F.3d 1063, 1065 (11th Cir. 2019) (per curiam); In re Palacios, 931 F.3d 1314, 1315 (11th Cir. 2019) (per curiam); cf. Edwards v. Vannoy, 141 S. Ct. 1547, 1554–62 (2021).

In sum, the court DISMISSES McKeithan's section 2255 motion and DENIES a certificate of appealabilty. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

SO ORDERED. This 7 day of September, 2021.

                                        JAMES C. DEVER III
                                        United States District Judge

3

Case 5:12-cr-00237-D   Document 97   Filed 09/08/21   Page 3 of 3